[Crim. No. 1359. Second Appellate District, Division One.—October 7, 1926.]

## THE PEOPLE, Respondent, v. EDNA M. SHORT, Appellant.

[1] CRIMINAL LAW—FORGERY—ACCOMPLICE—INSUFFICIENT CORROBORATION—APPEAL.—In a prosecution for forgery, where the verdict finding the defendant guilty is supported only by the testimony of an accomplice, without the corroboration required by section 1111 of the Penal Code, a judgment of conviction cannot be sustained on appeal.

(1) 16 **C. J.**, p. 700, n. 96, p. 701, n. 25, p. 713, n. 31.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Reversed.

The facts are stated in the opinion of the court.

S. S. Hahn, Nathan Goldberg and Max Schleimer for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

YORK, J.—Defendant was convicted on the first count of an indictment, charging the crime of "forgery of contract and writing obligatory" hereinafter called the Shannon contract. On all of the other eleven counts the jury found defendant not guilty. The conviction of defendant was founded upon the evidence of her codefendant, Rosie Adamson, after said codefendant's plea of guilty. In addition, respondent relies upon other evidence hereinafter mentioned, including testimony of a deputy district attorney concerning facts admitted to him by the defendant after her indictment. The codefendant's testimony, if true, proved that she was an accomplice of this defendant in committing the crime, for the commission of which they were jointly indicted. There was no corroborating evidence in support of the testimony

1. See 8 Cal. Jur. 172; 1 R. C. L. 167.

of the accomplice as required by section 1111 of the Penal Code, which provides that "the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." The only evidence which anyone could possibly contend was corroborative evidence tending "to connect the defendant with the commission of the offense" of which she was convicted, was evidence relating to the commission of other similar crimes, which in other counts of the indictment were alleged to have been committed by defendant, and of which the jury found that she was not guilty.

More specifically, the evidence on which respondent relies as corroboration of the testimony of the accomplice in relation to the forging or utterance of the Shannon contract by defendant Short is found in the testimony of the deputy district attorney, Hill, and of the witness Helen Wartembe. It is claimed that Miss Wartembe "identified the handwriting used in the forged contract." The defendant was on trial on the several separate charges, each count referring to the alleged forgery of a separate contract. The testimony of Miss Wartembe, as it appears in the transcript, shows that she identified handwriting in some of the contracts as that of the defendant, but that when asked about the signature in the Shannon contract, she replied, "I couldn't tell that one." In the testimony of Mr. Hill, he gave an account of some interviews between himself and the defendant at the office of the district attorney, in which he questioned her concerning "the contracts which were then before me on my desk,—that is, some of them were, a few of them." No list of those contracts or identification of them is found in the testimony of this witness, and, if it is anywhere in the voluminous record, that fact has not been brought to our attention. In the course of these interviews of Hill with the defendant, some contracts were identified by the name of the purchasers named therein, or by the exhibit numbers. We have been unable to find anywhere in Hill's testimony any identification by name or number, or at all, of the Shannon contract (the contract described in the count on which defendant was convicted). So far as it appears, the Shannon contract may not have been one of those which Mr. Hill had before him and to which reference was made in those interviews with the defendant.

[1]  Since the jury found the defendant guilty on a charge which is supported only by the testimony of an accomplice, without the corroboration which the law requires (Pen. Code, sec. 1111), it is clear that the judgment of conviction cannot be sustained.

The judgment and order are reversed.

Conrey, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 2, 1926.